UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHELLE L. ARCHDALE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: 13-1389 |
| | ) | |
| THOMAS J. VILSACK, SECRETARY | ) | |
| DEPARTMENT OF AGRICULTURE | ) | |
| AGENCY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R AND OPINION

This matter is before the Court on Defendants Katherine M. O'Hara ("O'Hara"), Paul G. Sebesta ("Sebesta"), Todd J. Ward ("Ward"), and Christy G. Gibson's ("Gibson") Motions to Dismiss [19][24][1]. This motion is fully briefed and for the reasons set forth below, Defendants Motion to Dismiss is GRANTED.

## BACKGROUND

On August 28, 2013, Plaintiff Michelle Archdale ("Archdale") filed a *pro se* Complaint alleging she was deprived of due process and denied equal protection under the law. Specifically, Archdale alleges as follows:

Defendant O'Hara, Director of the National Center for Agricultural Utilization ("NCAUR") violated Archdale's due process rights by drafting a letter that forced Archdale to use her annual sick and when she cared for her pregnant daughter and son who suffered from muscular dystrophy.

---

[1] Defendant Gibson adopted the Motion to Dismiss and supporting Memorandum filed by Defendants Sebesta, O'Hara, and Ward. See Docket Entries 19 and 24.

Defendant Sebesta, Director of NCAUR is accused of refusing to allow Archdale to work after 6:00 P.M. when she arrived to work after 10:00 A.M.

Defendant Ward, Research Leader with the NCAUAR, allegedly ignored an agreement between ARS and AFGE Local 3247. Archdale alleges Ward injured, oppressed, threatened, or intimidated her, in violation of Constitution, when he warned her about arriving to work late.

Defendant Gibson, administrative officer of NCAUR, allegedly conspired with the other Defendants to deprive her of due process rights or equal protection by ignoring an agreement between ARS and AFGE Local 3247 regarding medical documentation, thus forcing Archdale to take leave or leave without pay.

Archdale seeks $527,000 in compensatory damages for bodily harm, emotional harm, pain and suffering, loss of income, and loss of enjoyment of life. Archdale also seeks punitive damages.

## DISCUSSION

**1.     Legal Standard**

Court have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 100 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

2. **Analysis**

As an initial matter, the Court notes Archdale cites 18 U.S.C. § 241 and 7 U.S.C. 2209H as bases for this Court to exercise its jurisdiction over this dispute. However, 18 U.S.C. § 241 is criminal statute and 7 U.S.C. 2209H is an appropriations statute and therefore neither are applicable to the current case; accordingly, that portion of Archdale's Complaint is stricken. The remainder of Archdale's Complaint alleges the Defendants violated her Fifth Amendment Due Process rights and her Fourteenth Amendment right to Equal Protection under the laws by forcing her to use all of her sick leave, annual leave, and leave without pay for a period of four years. Defendants seeks dismissal of this action for failure to state a claim, arguing the Civil Services Reform Act ("CSRA"), 5 U.S.C.S. § 1101 *et seq*. precludes federal courts from hearing suits related to federal personnel actions. While the Court finds Defendants' arguments compelling and will address the same, Plaintiff's Complaint fails for the other reasons.

Plaintiff first alleges Defendants deprived her of her sick and annual without due process. In order to establish a due process violation, a plaintiff must demonstrate: (1) the defendant deprived her of a constitutionally protected liberty or property interest, and (2) the deprivation was without sufficient procedural protections. Galdikas v. Fagan, 342 F.3d 684, 691 (7th Cir. 2003); Williams v. Seniff, 342 F.3d 744, 786-87 (7th Cir. 2003); Polenz v. Parrott, 883 F.2d 551, 555 (7th Cir. 1989). Here, the Defendants did not deprive Archdale of her sick leave, annual leave, or leave without pay; on the contrary, Defendants allowed her to utilize her leave time to care for her child. Employees do not have a due process right to dictate their hours and schedules contrary to their employer's direction. Accordingly, this claim must be dismissed for failure to state a claim.

Archdale second claim is Defendants violated her right to Equal Protection under the laws. In a traditional equal protection claim, a plaintiff must demonstrate: (1) she is otherwise similarly situated to members of the unprotected class; (2) she was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent. See Greer v. Amesqua, 212 F.3d 358, 370 (7th Cir. 2000). The Seventh Circuit also recognizes equal protection claims brought by a "class of one" when: (1) the plaintiff alleges that he has been intentionally treated differently from others similarly situated and; (2) there is no rational basis for the difference in treatment or the defendant was motivated by discriminatory animus. See McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004); Purze v. Village of Winthrop Harbor, 286 F.3d 452, 454-55 (7th Cir. 2002); Stachowski, 425 F.3d at 1078-79.

Here, Plaintiff makes no allegations in her complaint that she is in a protected class; accordingly, Plaintiff fails to state a claim based on a traditional equal protection theory. To the

4

extent Plaintiff is attempting to state an equal protection claim based on a class of one theory, her claim still fails. "In order to succeed on a class of one theory Plaintiff must demonstrate that [she was] treated differently than someone who is prima facie identical in all relevant respects." Purze v. Winthrop Harbor, 286 F.3d 452, 455 (7th Cir. Ill. 2002); see also, Ind. State Teachers Ass'n v. Bd. of Sch. Comm'rs, 101 F.3d 1179, 1181-82 (7th Cir. 1996).

Here, Plaintiff alleges "there were always other employees working well after 6:00 PM," "they dictated that I could not use the flexible times that every other employee in the building used," and her employer did not adjust her "schedule as the other employees did." (Doc. 1 at pp. 1, 5). These allegations are not sufficient to state an equal protection class of one claim. Archdale not only failed to name specific employees that were similarly situated, but also failed to allege any facts suggesting that another employee in a situation identical to hers was allowed to use flex hours, change their schedule, and not use annual or sick leave to care for a child. Accordingly, this claim must be dismissed for failure to state a claim.

Even assuming arguendo that Plaintiff had stated a claim for which relief could be granted, Defendants argues that the action should be dismissed on an alternative theory for failure to state a claim. Defendants seeks dismissal of this action for failure to state a claim, arguing the Civil Services Reform Act ("CSRA"), 5 U.S.C.S. § 1101 *et seq.* precludes federal courts from hearing suits related to federal personnel actions.

Not all constitutional claims may be brought in federal court as Congress has established comprehensive administrative bodies with broad remedial powers to resolve all contested matters before them. See Bush v. Lucas, 462 U.S. 367 (1983); Paige v. Cisneros, 91 F.3d 40, 43 (7th Cir. 1996); Sawyer v. Nicholson, 2007 WL 3087177 (N.D. Ill. Oct. 19, 2007).

The CSRA is a remedial scheme that provides a "comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." Richards v. Kiernan, 461 F.3d 880, 883 (7th Cir. 2006), *citing* Ayrault v. Pena, 60 F.3d 346, 347 (7th Cir. 1995). The Seventh Circuit has held "[t]here is no question that the CSRA provides the exclusive remedy for an alleged constitutional violation . . . arising out of federal employment." Richards, 461 F.3d at 885, *citing* Bush v. Lucas, 462 U.S. 367, 368 (1983).

In Bivens v. Unknown Named Agents of Federal Bureau of Narcotics, the Supreme Court held a plaintiff may bring a cause of action for damages against federal employees in their individual capacity acting under federal authority for unconstitutional conduct. 403 U.S. 388 (1971). However, Bivens also held that an action to recover damages may be defeated in two circumstances: the first is when defendants are able to demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress." Bivens, *supra* at 396; Davis v. Passman, 422 U.S. 228, 245 (1979). The second is when defendants are able to show Congress has provided an alternative remedy, which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective. Bivens, *supra* at 397.

The Supreme Court and the Seventh Circuit has viewed the extensive and comprehensive administrative system that Congress has established to address the complaints of civil services employer as a "special factor" counseling hesitation in the absence of the affirmative action by Congress. Bush v. Lucas, 462 U.S. 367, 368 (1983); see also, Chilicky, 487 U.S. at 423 ("When the design of a Government program suggests that Congress has provided what it consider adequate remedial mechanisms for constitutional violations they may occur in the course of its administration, we have not created additional Bivens remedies."); Feit v. Ward, 886 F. 2d 848,

6

851 (1989)("federal employment is a special factor counseling hesitation in creating a judicial remedy.")

The Supreme Court has permitted Bivens actions for Due Process and Cruel and Unusual Punishments Clause of the Eighth Amendment violations in limited circumstances when "no special factors counselling hesitation in absence of affirmative action by Congress," no explicit statutory prohibition against the relief sought, and no exclusive statutory alternative remedy. See Davis v. Passman, *supra* at 246-247; Carlson v. Green at 18-20. However, the Supreme Court has been very cautious not to allow any further extensions of Bivens remedies into new contexts. See F.D.I.C. v. Meyer, 510 U.S. 471 (1994); Schweiker v. Chilicky, 487 U.S. 412, 421 (1988); Bush v. Lucas, 462 U.S. 369-71 (1983). This is evidenced by the Court's refusal to create a Bivens remedy for a First Amendment violation "arising out of an employment relationship governed by comprehensive procedural and substantive provision giving meaningful remedies against the United States." Bush v. Lucas, 462 U.S. 367, 368 (1983); see also, Schweiker v. Chilicky, 487 U.S. 412, 422 (1988). The facts set forth in Bivens were unique, involving an egregious breach of the Fourth Amendment by federal agents for which there would have been no effective remedy unless the Court created a remedy. However, this is not the case here.

Here, there is no dispute that this is an employment action. The crux of Plaintiff's claim is Defendants forced her to use all her sick and annual leave without pay. In her response to Defendant's Motion to Dismiss, Plaintiff does not to appear to be challenging the applicability of the CRSA, but rather its effectiveness. Specifically, Plaintiff states CRSA was designed to ensure the rights of federal employees, but argues "none of the arenas designed by the CSRA to protect the employee against violations of their constitutional rights are still useful." (Doc. 28 at pg. 6).

7

Plaintiff stated "the truth is that whether or not Bivens type cases are allowed, the protections under CSRA have basically ceased to exist" and "however well written the CSRA might be, the remedial systems built into have failed. The Agencies have distorted the system that a Bivens procedure is the only avenue left of redress of Constitutionally forbidden actions." (Doc. 28 at pg. 8).

Even taking the facts most favorable to the Plaintiff, her Complaint must be dismissed. In this case, Archdale is required to use the CSRA statutory scheme set up by Congress for Civil Service employee.

> Allowing resort to alternative remedies for complaints about matters within the statute's scope would undermine the CSRA because the statute "prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." Lower courts, following Fausto, have recognized that the CSRA essentially preempted the field by "supersed[ing] preexisting remedies for all federal employees."

Ayrault, 60 F.3d at 348, *citing* United States v. Fausto, 484 U.S. 439, 443 (1988); LeBlanc v. United States, 50 F.3d 1025, 1030 (Fed. Cir. 1995). As it is inappropriate for federal courts to "supplement the comprehensive procedural and substantive remedies provided to federal employees under the CSRA," the Court must find that Archadale is precluded from bringing her claim in federal district court. Her Complaint must therefore be dismissed, both for lack of subject matter jurisdiction, and alternatively for failure to state a claim upon which relief can be granted. *See* Richards, 461 F.3d at 886, *citing* Massey v. Helman, 196 F.3d 727, 738 (7th Cir. 2000).

## CONCLUSION

For the reasons set forth above, Defendants Katherine M O'Hara ("O'Hara"), Paul G. Sebesta ("Sebesta"), Todd J. Ward ("Ward"), and Christy G. Gibson's ("Gibson") Motions to Dismiss [19][24] are GRANTED. Plaintiff's Complaint is DISMISSED as to the aforementioned Defendants.

Entered this 9th day of March, 2015.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge