UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHELLE L. ARCHDALE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: 13-1389 |
| ) | |
| THOMAS J. VILSACK, SECRETARY ) | |
| DEPARTMENT OF AGRICULTURE ) | |
| AGENCY, et al. ) | |
| ) | |
| Defendants. ) | |

# O R D E R AND OPINION

This matter is before the Court on Defendants Thomas J. Vilsack ("Vilsack") and Edward Knipling's ("Knipling") Motion for Summary Judgment. This motion is fully briefed and for the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED.

### STATEMENT OF FACTS

On August 28, 2013, Plaintiff Michelle Archdale ("Archdale") filed a *pro se* Complaint alleging Defendants deprived her of due process and denied her equal protection under the law. Archdale names several defendants in her lawsuit. Defendants Katherine M. O'Hara, Paul G. Sebesta, Todd J. Ward, and Christy G. Gibson were dismissed pursuant to this Court's March 9, 2015 Order. As to the remaining Defendants Vilsack and Knipling, Archdale is not requesting monetary damages, but rather she is requesting injunctive relief. Specifically, Archdale seeks an injunction requiring Vilsack, through the Office of General Counsel, to provide counsel for her during her Equal Employment Opportunity Commission ("EEOC") proceedings. Archdale also seeks an injunction requiring the United States Department of Agriculture ("USDA") to comply with the leave policy in the Agreement between ARS and AFGE Local 3247.

The Agreement between ARS and AFGE Local 3247 provided a grievance process for employees who had issues and concerns about their sick and annual leave. Archdale, who has filed a grievance in the past, did not use utilize the grievance process because she missed the deadline for filing, but instead filed a complaint with the EEOC.

Archdale was deposed before the EEOC by the Defendants on matters related to her allegations that the USDA discriminated against her by forcing her to use all of her sick leave, annual leave, and leave without pay for a period of four years. During the deposition, John Salch ("Salch") appeared with Archdale. Salch, although not an attorney, was the chief negotiator of Union Local 3247 and Archdale identified him as the person who could interpret the labor agreement that existed between ARS and AFGE Local 3247. The EEOC subsequently dismissed Archdale's case. Archdale filed suit in this Court on August 28, 2013. On July 22, 2014, Vilsack and Knipling moved for Summary Judgment Pursuant to Fed. R. Civ. Pro. 12(b)(6) or in the Alternative 12(b)(1).

## DISCUSSION

**1. Legal Standard**

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 2553. Any doubt as to the existence of a genuine issue for trial

is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex Corp., 106 S. Ct. at 2553. This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. Anderson, 106 S. Ct. at 2511; Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

**2. Analysis**

**A. Right to Counsel**

Defendants argue they are entitled to summary judgment on Archdale's claim that the USDA is required to provide her with counsel during administrative proceedings. The EEOC does not appoint attorneys to represent Complainants. See Monteiro v. Mabus, 2010 WL 4898956, *2 (E.E.O.C., Nov. 18, 2010). Further, it is well-settled that civil litigants have no statutory or constitutional right to counsel. See Jackson v. Kotter, 541 F.3d 688, 700 (7th Cir. 2008); Johnson v. Doughty, 433 F.3d 1001, 1019 (7th Cir. 2006); Sells v. Berry, 24 Fed. Appx. 568, 571 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). The point is buttressed by the Seventh Circuit's holding that during an EEOC investigation, a complainant is generally without counsel and therefore, not held to strict technical standards. Jenkins v. Blue Cross Mut. Hospital Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976); Love v. Pullman Co., 404 U.S.

3

522, 527 (1972); Slade v. Perfect Access Software Training, 2001 WL 290200 (N.D. Ill. Mar. 14, 2001). Archdale cites no legal authority to support her contention that the USDA was required to provide her with counsel during her EEOC proceedings. Accordingly, Defendants are entitled to summary judgment on this claim.

### B. Compliance with Union Contract

Archdale's second claim against Defendants is they violated her constitutional rights by misinterpreting the labor agreement between ARS and Local 3247 and making her work her scheduled hours, rather than allowing her to use glide time to make up for instances when she came to work late. Defendants argue Archdale is attempting to take a labor dispute and turn it into a constitutional claim.

After reviewing the Complaint, the Court concludes that Archdale's claims amount to a workplace dispute; therefore, the requirements of the Civil Service Reform Act ("CSRA") come fully into play. The CSRA is a remedial scheme that provides a "comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." Richards v. Kiernan, 461 F.3d 880, 883 (7th Cir. 2006), citing Ayrault v. Pena, 60 F.3d 346, 347 (7th Cir. 1995). The Seventh Circuit has held that "[t]here is no question but that the CSRA provides the exclusive remedy for an alleged constitutional violation . . . arising out of federal employment." Richards, 461 F.3d at 885, citing Bush v. Lucas, 462 U.S. 367, 368 (1983).

Allowing resort to alternative remedies for complaints about matters within the statute's scope would undermine the CSRA because the statute "prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." Lower courts, following Fausto, have recognized that the CSRA essentially preempted the field by "supersed[ing] preexisting remedies for all federal employees." Ayrault, 60 F.3d at

348, *citing* United States v. Fausto, 484 U.S. 439, 443 (1988); LeBlanc v. United States, 50 F.3d 1025, 1030 (Fed. Cir. 1995).

Archdale seeks to have a clause in the union agreement enforced. However, the Seventh Circuit has held that a collective bargaining agreement which provides for binding arbitration of employment disputes provided an adequate alternative remedy that foreclosed on plaintiff's ability to bring suit in federal court. See Ellis v. United States Postal Service, 784 F.2d 835, 839-40 (7th Cir. 1986). Here, it is undisputed that the union contract covered issues of leave and provides a grievance process for the types of issues Archdale is complaining of. Archdale admits she did not file a grievance because it would have been untimely and instead took her claims to the EEOC. Archdale's failure to utilize the union's grievance process does not provide the Court with the basis of subject matter jurisdiction of this matter. As it is inappropriate for federal courts to "supplement the comprehensive procedural and substantive remedies provided to federal employees under the CSRA," the Court must find that Archdale is precluded from bringing her claim in federal district court. Accordingly, the Defendants are entitled to summary judgment on this claim.

## **CONCLUSION**

For the reasons set forth above, Defendants Thomas J. Vilsack and Edward Knipling's Motion for Summary Judgment Dismiss [29] is GRANTED. This matter is now TERMINATED.

Entered this 18th day of March, 2015.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge

5